Opinion filed March 3,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00266-CR & 11-10-00267-CR

                                                    __________

 

                              WALTER
LEE SHEEHAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                        Trial Court Cause
Nos. A-33,423 & A-33,424

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Pursuant to a plea agreement, Walter Lee Sheehan pleaded guilty in 2006 to the offense of
aggravated robbery in Cause No. 11-10-00266-CR and to the offense of robbery in
Cause No. 11-10-00267-CR.  The trial court deferred a finding of guilt and
placed him on deferred adjudication community supervision for a term of ten
years for both offenses.  In January 2010, the State filed a motion to proceed
with an adjudication of guilt, alleging a single violation of the terms and
conditions of community supervision.  The initial motion to proceed was
resolved by an order amending the rules of community supervision in March 2010.

The
State filed a subsequent motion to proceed with an adjudication of guilt in
July 2010, alleging multiple violations of the terms and conditions of
community supervision.  Specifically, the State alleged the following
violations in the subsequent motion to proceed:  (1) that appellant failed to
abstain from the use of alcohol on or about June 21, 2010; (2) that appellant
failed to submit to a random urine test on or about July 8, 2010; (3) that
appellant committed the offense of “Assault Family Violence” on or about May
12, 2010; and (4) that appellant failed to complete required community
service.  The trial court heard the subsequent motion to proceed on August 25,
2010.  At the outset of the hearing, the State advised the trial court that it
desired to abandon the fourth allegation concerning community service.  Appellant
pleaded “true” to the first alleged violation pertaining to the use of alcohol
and “not true” to the other allegations.  At the conclusion of the hearing, the
trial court found the three allegations to be true, adjudicated appellant
guilty of the charged offenses, and assessed his punishment at confinement in
the Institutional Division of the Texas Department of Criminal Justice for a
term of ten years for both offenses with the sentences to be served
concurrently.  We dismiss the appeals.

In
each appeal, appellant’s court-appointed counsel has filed a motion to
withdraw.  Each motion is supported by a brief in which counsel professionally
and conscientiously examines the records and applicable law and states that he
has concluded that the appeals are frivolous.  Counsel has provided appellant
with a copy of the brief and advised appellant of his right to review the
record and file a response to counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403 (Tex.
Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

            Following the procedures outlined in Anders and Schulman,
we have independently reviewed the records, and we agree that the appeals are
without merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  In
this regard, a plea of true standing alone is sufficient to support a trial
court’s decision to revoke community supervision and proceed with an
adjudication of guilt.  See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. 1979). 

We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review by the Texas Court of Criminal Appeals.  Tex. R. App. P. 48.4 (“In criminal
cases, the attorney representing the defendant on appeal shall, within five
days after the opinion is handed down, send his client a copy of the opinion
and judgment, along with notification of the defendant’s right to file a pro
se petition for discretionary review under Rule 68.”).  Likewise, this
court advises appellant that he may file a petition for discretionary review
pursuant to Tex. R. App. P. 68.  

The
motions to withdraw are granted, and the appeals are dismissed.  

 

 

                                                                                                PER
CURIAM

 

March 3, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief.